UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

February 17, 2021

TO COUNSEL OF RECORD

Re: *United States of America v. Vernon Jackson*
Criminal No. GLR-19-021

Dear Counsel:

The Court has received ECF 38, Defendant's Motion for Reconsideration from the Denial of Detention Hearing. This Defendant has had two full prior detention hearings and both Courts have found that Defendant is a danger to the community and a risk of flight. On March 11, 2020 a Magistrate Judge in the Western District of Tennessee detained Defendant and he was transported to Maryland. He requested a second detention hearing. I held a detention hearing on May 29, 2020 and detained the Defendant (ECF 18,19). On that date, I found specifically that Defendant had two prior drug felony convictions including a federal conviction. I found that Defendant does not respond to supervision in the community and previously violated his federal supervised release. I also made specific findings on the record that the COVID 19 risk factors did not outweigh the need to ensure the safety of the public and the risk of flight of Defendant. I found by clear and convincing evidence that Defendant presented a danger to the community and a flight risk (ECF 19 and recording of proceedings). On October 27, 2020 an emergency motion requesting release from custody was denied (ECF 33). Defendant then filed a motion for review of detention order which again was denied (ECF 37) on February 4, 2021.

Defendant has now filed a motion for reconsideration of the Court's Order denying him a third detention hearing. Defendant presents no arguments specific to him in support of his motion. Defendant also does not argue that the factors under 3142(g) no longer command detention. Defendant was diagnosed with a positive COVID test in May of 2020 and presents no further evidence. Defendant states that there has been a rise in the number of positive cases in CDF. According to a report from the Department of Public Safety and Correctional Services (DPSCS) representative, as of February 9, 2021, there were 383 detainees at CDF, 12 of whom are females. There were 61 positive COVID detainees, 50 of whom were asymptomatic and under quarantine. Those 50 were scheduled to be released promptly from quarantine back into the population. Two detainees were at outside hospitals related to COVID. As of February 6, 2021, 223 inmates were tested with 85 negatives, 4 positives and 134 pending results. CDF instituted wide-spread testing and the remainder of federal inmates will be tested this upcoming weekend. The government has advised the Court of recent policy changes at CDF.

1. Imposition of quarantine where detainees first tested positive.

2. Testing of all dietary employees.

3. Testing of all detainees in quarantine.

*USA v. Vernon Jackson, GLR-19-021*
February 17, 2021
Page 2

4. Testing of all detainees completed January 31, 2021.

5. PPE Isolation protocol in place in the two effected housing units.

6. Medical services are provided within the units.

7. No outside exercise (yard time).

8. All movements of detainees have ceased.

9. Attorney contact is being coordinated with the FPD and U.S. Marshals Service, non-contact attorney visits are available.

This Court has also been advised that CDF is now receiving advice and assistance from an epidemiologist and two additional physicians in order to better protect the detainees and the staff. CDF has now established a rapid testing protocol. Any change in opening CDF intake to new detainees will await the results of testing to ensure the continued safety of the population and staff. The Court also notes that the positivity rate in the community is now below 5%, both hospitalizations and deaths are also decreasing substantially.

The Court agrees with Defendant that the change in conditions due to COVI 19 at CDF *could* provide a compelling reason for temporary release under 18 USC 3142(i). However, the Defendant has not provided any support for his request for a hearing. He has had two hearings, one more than is allowed by statute. There is nothing in Section 3142 that provides a Defendant multiple detention hearings. In this case, Defendant has failed to provide the Court with any compelling reason or any support to alter the Court's decision that Defendant by clear and convincing evidence presents a threat to public safety and a risk of non-appearance at trial. While Defendant has only asked this Court to reconsider its denial for a third detention hearing, the Court also has considered Defendant's request as a reconsideration of the order of detention.

Therefore, the Motion for reconsideration from the denial of a detention hearing (ECF 38) is DENIED.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

/s/

A. David Copperthite
United States Magistrate Judge